**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | |
|---|---|
| STANLEY JOHNSON,<br><br>*Petitioner*,<br><br>v.<br><br>GREGORY HANCOCK,<br><br>*Respondent*. | Case No. 1:25-cv-00175-MAL |

**MEMORANDUM AND ORDER**

Stanley Johnson, a self-represented state prisoner at the Southeast Correctional Center in Charleston, Missouri, filed a petition under 28 U.S.C. § 2254 for writ of habeas corpus (Doc. 1), a motion for leave to proceed *in forma pauperis* (Doc. 2), and a motion for appointment of counsel (Doc. 3). Because Johnson's petition raises no cognizable habeas claim and is, in any event, an unauthorized second or successive petition, the Court dismisses the petition without prejudice and denies the remaining motions as moot.

## I. Background

On April 22, 2009, a St. Louis County jury convicted Johnson of first-degree murder and forcible rape. *State v. Johnson*, No. 2106R-04034-01 (Mo. Cir. April 22, 2009). The Circuit Court of St. Louis County sentenced Johnson to life without parole, *id.*, and the Missouri Court of Appeals affirmed the conviction, *State v. Johnson*, 328 S.W.3d 385, 389, 399 (Mo. App. 2010). As it may, the Court takes judicial notice of Johnson's state court records and his prior federal proceedings. *See*

*Levy v. Ohl*, 477 F.3d 988, 990–91 (8th Cir. 2007); *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005).

Johnson filed his first habeas petition with this Court in October 2013. Petition for Writ of Habeas Corpus, *Johnson v. Wallace*, No. 4:13-cv-1994-JMB (E.D. Mo. Oct. 3, 2013). The Court denied and dismissed that petition as untimely in February 2016. Memorandum and Order, *Johnson*, No. 4:13-cv-1994-JMB (E.D. Mo. Feb. 26, 2016). Johnson did not appeal. *See generally Johnson*, No. 4:13-cv-1994-JMB (E.D. Mo.).

Johnson has since filed at least seven § 2254 petitions challenging the same judgment, which the Court sets out below. The Court dismissed three of those matters for failure to comply with a Court order. *See* Memorandum and Order, *Johnson v. Lewis*, No. 1:19-cv-234-SRC (E.D. Mo. Feb. 13, 2020); Memorandum and Order, *Johnson v. Stange*, No. 1:23-cv-5-SRC (E.D. Mo. May 22, 2023); Order of Dismissal, *Johnson v. Stange*, No. 1:24-cv-171-NCC (E.D. Mo. Jan. 21, 2025). The Court dismissed two others as unauthorized successive petitions. *See* Order of Dismissal, *Johnson v. Stange*, No. 1:24-cv-162-PLC (E.D. Mo. Sept. 9, 2024); Memorandum and Order, *Johnson v. Hancock*, No. 1:25-cv-45-SRW (E.D. Mo. June 20, 2025).

Johnson filed the present petition on October 21, 2025. (Doc. 1). His seventh petition—*see* Petition, *Johnson v. Hancock*, No. 1:26-cv-80-NCC (E.D. Mo. Apr. 17, 2026)—also remains pending.

## II. Discussion

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts requires the Court to dismiss a habeas petition if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Johnson's petition fails for two independent reasons. First, the petition raises no cognizable habeas claim. Johnson asserts only that prison staff denied him access to an electronic tablet from September 11 through October 16, 2025, thereby denying him access to the courts. (Doc. 1 at 5). Even liberally construed, that is a conditions-of-confinement claim, not a challenge to the legality of Johnson's custody. A petition

under 28 U.S.C. § 2254 is available only to a state prisoner who claims that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Johnson's tablet-access claim does not challenge the validity of his conviction or sentence. If Johnson wishes to pursue a conditions-of-confinement claim, he must do so under 42 U.S.C. § 1983.

Second, to the extent Johnson's petition challenges the same conviction at issue in his prior § 2254 petitions—and Johnson identified the same case number, court, and sentence *(*Doc. 1 at 1)—the petition is an unauthorized second or successive petition. The dismissal of Johnson's first § 2254 petition in *Johnson v. Wallace* as untimely constituted an adjudication on the merits, rendering all subsequent § 2254 petitions challenging the same judgment "second or successive" under 28 U.S.C. § 2244(b)(1). *See* Opinion, Memorandum, and Order, *Johnson v. Stange*, No. 1:24-cv-162-PLC, *2 (E.D. Mo. Sept. 5, 2024) (holding court dismissal of § 2254 habeas claim as "untimely" in original 2016 § 2254 habeas case (*Johnson I*) was "adjudication on the merits"); *Cf. Diaz-Diaz v. United States*, 297 Fed. App'x 574, 575 (8th Cir. 2008) (denial of § 2255 habeas petition as untimely is adjudication on the merits). Before filing a second or successive petition, a petitioner must obtain authorization from the appropriate court of appeals. 28 U.S.C. § 2244(b)(3)(A). That requirement is jurisdictional. *Burton v. Stewart*, 549 U.S. 147, 153 (2007). Johnson has not obtained authorization from the Eighth Circuit to file the present petition.

Finally, the Court considers whether to issue a certificate of appealability. The Court must issue a certificate of appealability when "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because the Court's procedural ruling raises no doubt, the Court declines to issue a certificate of appealability. The Court also finds that it would not be in the interest of justice to transfer this case to the Eighth Circuit. *See* 28 U.S.C. § 1631.

Accordingly,

**IT IS HEREBY ORDERED** that Johnson's petition for writ of habeas corpus (Doc. 1) is **DENIED** and **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that Johnson's motion for leave to proceed *in forma pauperis* (Doc. 2) and motion for appointment of counsel (Doc. 3) are **DENIED** as moot.

The Court declines to issue a certificate of appealability. A separate Order of Dismissal accompanies this Memorandum and Order.

Dated this 28th day of August, 2026.

Maria A. Lanahan

MARIA A. LANAHAN
UNITED STATES DISTRICT JUDGE